FILED

2006 Sep-11  PM 02:43
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | } } } | |
| Plaintiff, | } } | |
| v. | } } | Case No.: 4:06-CV-1134-RDP |
| DARRELL G. WILLIAMS; WANDA F. WILLIAMS; SCOTT GOBER CONSTRUCTION COMPANY, LLC, | } } } } } | |
| Defendants. | } } | |

## <u>MEMORANDUM OPINION</u>

The court has before it Plaintiff Nationwide Mutual Insurance Company's Motion for Default

Judgment against Defendant Scott Gober Construction Company LLC (Doc. # 17) filed August 15,

2006.[1]  For the reasons outlined below, the motion is due to be granted.

---

[1] Although Plaintiff also filed a Motion for Default Judgment against Scott Gober individually, Scott Gober was dismissed from this action on August 24, 2006 after properly notifying this court that he has filed for bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Alabama.  (Doc. # 20). Accordingly, because a bankruptcy petition acts as a stay of the proceedings against Gober pursuant to 11 U.S.C. § 362, the court dismissed the action against Scott Gober without prejudice to the right of Plaintiff to petition to reinstate the action to pursue any claim embraced herein not adjudicated in, or discharged by, the proceedings in the Bankruptcy Court. (Doc. # 21).  Notably, however, Defendant Scott Gober's bankruptcy petition - and subsequent dismissal from this case - does not affect the status of Defendant Scott Gober Construction Company LLC.  The Suggestion of Bankruptcy filed with this court referenced only a bankruptcy petition filed by Scott Gober individually, not Scott Gober Construction Company LLC. (Doc. # 20).  Moreover, at the request of the court, Plaintiff filed a status report on August 31, 2006 indicating that the separate legal entity of Scott Gober Construction Company LLC (incorporated in Alabama in 2001) has not filed a bankruptcy petition. (Doc. # 22).

This action was commenced on June 9, 2006, by the filing of the complaint (Doc. # 1), and

a copy of the summons and complaint was served on Scott Gober Construction Company LLC on

July 16, 2006 in accordance with Federal Rule of Civil Procedure 4(h)(service may be made upon

a corporation "in a judicial district of the United States in the manner prescribed for individuals by

subdivision (e)(1)"), Federal Rule of Civil Procedure 4(e)(1) (service may be made "pursuant to the

law of the state in which the district court is located); and Alabama Rule of Civil Procedure 4(c)(6)

(corporations may be duly served by serving an officer or an agent of the corporation).[2]

---

[2] When determining whether service upon a corporation is proper, Alabama courts have noted "at the onset that the purpose of service of process is to notify or inform defendant of the action being lodged against him." *Green v. Pike Manor, Inc.*, 431 So.2d 1316, 1317 (Ala.Civ.App.,1983) (citing *Goodall v. Ponderosa Estates, Inc.*, 337 So.2d 726 (Ala.1976)). With that general principle in mind, Alabama courts have liberally construed who may be considered an "agent" of the corporation such that service upon that person is proper service upon the corporation. *E.g.*, *Pike Manor, Inc.*, 431 So.2d at 1317-18 (finding that service on an assistant administrator who worked at the primary business owned by the corporation was proper because administrator "was a person of sufficient responsibility to know what he should do with the legal papers").

In this case, the Return on Service of Writ filed with the court on July 17, 2006 indicates that service of the complaint and summons was made on both Scott Gober individually and Scott Gober Construction Company LLC by "serving a person of suitable age and discretion [Lorie Gober] then residing in the defendant's usual place of abode." (Doc. # 12). Plaintiff explains that this method of service was proper because it served Scott Gober, officer of the corporation, at his dwelling place by leaving with his wife a copy of the summons and complaint against his corporation. (Doc. # 24, at 2)(citing Alabama Rule of Civil Procedure 4). This court need not decide whether service of an officer of a corporation is proper by serving the officer's wife at his residence, however, because the evidence before the court indicates that Scott Gober's residence is also the company's headquarters. (Doc. # 24, White Affidavit). Given the facts of this case, the court finds that the Alabama courts' liberal interpretation of "agent" is broad enough to encompass Lorie Gober, who resides at the company's headquarters and is "a person of sufficient responsibility to know what [s]he should do with the legal papers." *Pike Manor, Inc.*, 431 So.2d at 1317-18. Moreover, there is no question that Scott Gober, as officer of Scott Gober Construction Company LLC, received notice of this lawsuit against his company – he has made an appearance individually (but not on behalf of his company) in this case. (Doc. # 20). Accordingly, for all of these reasons, the court finds that Scott Gober Construction Company LLC was properly served in this case.

Scott Gober Construction Company LLC has failed to appear or otherwise to respond to the allegations of Plaintiff's complaint for declaratory judgment.  In response to Plaintiff's August 11, 2006 motion for entry of default (Doc. # 14), default was entered against Scott Gober Construction Company LLC by the Clerk of Court on August 14, 2006. (Doc. # 16).  Thereafter, Plaintiff filed its Motion for Default Judgment. (Doc. # 17).

Plaintiff now seeks a Rule 55(b) default judgment against Scott Gober Construction Company LLC in the form of a declaration that, under Nationwide Mutual Insurance Company's policy of insurance, Contractors Policy No. 77 AC 738-703-3001, issued to Scott Gober Construction Company LLC from February 25, 2004 through February 25, 2006, Nationwide is not obligated to defend nor indemnify Scott Gober Construction Company LLC in the underlying action, *Darrell G. Williams and Wanda F. Williams v. Scott Gober, Scott Gober Construction Company, LLC, et al.*," CV-05-1118, pending in the Circuit Court of Etowah County, Alabama.  (Doc. # 17). Rule 55 (b) states in relevant part:

> (b) [Default] Judgment. Judgment by default may be entered as follows:
> ...
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed.R.Civ.P. 55.

The court finds that all of the requirements of Rule 55(b)(2) are satisfied in this case. Scott Gober Construction Company LLC is not an infant or incompetent person and has not appeared in this action.   Therefore, the court is not required to provide it with written notice of Plaintiff's application for judgment prior to entering default judgment.  *See* Fed. R. Civ. P. 55(b)(2).  Moreover, because Plaintiff seeks only a declaratory judgment and not damages, "all essential evidence is already of record," and an evidentiary hearing is not required.  *S.E.C. v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir.1981) ("Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument on a motion for a default judgment.") (*citing Thomas v. United States*, 531 F.2d 746, 748 (5th Cir.1976) ("Taxpayer's first contention that the district court should have held an evidentiary hearing and/or oral argument on the motion is without merit. All the essential facts were of record.")).[3]

Accordingly, the court will, by separate order, grant Plaintiff's Motion for Default Judgment (Doc. # 17) and enter a default judgment in favor of Plaintiff and against Scott Gober Construction Company LLC  that is consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ____11th____ day of September, 2006.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[3] The Eleventh Circuit has noted that, in any event, "[a]n evidentiary hearing is not a *per se* requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)(citing  Fed.R.Civ.P. 55(b)(2) ("[T]he court may conduct such hearings . . . .").